## McRoberts' Estate.

Argued March 26, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Walter W. Riehl,* for appellant.

No appearance was made nor brief filed for appellee.

PER CURIAM, April 14, 1941:

Appellant, Eleanor J. Neeld, an heir of the decedent, Emma J. McRoberts, filed a petition in the Orphans' Court in which she alleged that decedent died on February 14, 1931, owning a piece of ground and building thereon in Pittsburgh; that the Orphans' Court on petition of Margaret McRoberts, administratrix of decedent's estate, made an order on January 16, 1932, confirming the sale of this real estate to one Joseph E. Entress for the sum of $5,000, the purpose of the sale being to pay the debts of the estate; that the administratrix executed a deed on February 4, 1932, to Entress without receiving the purchase money, and two days later Entress reconveyed the property to Margaret McRoberts in her individual capacity and without any consideration; that the wife of Entress did not sign the deed; that in 1934 Margaret McRoberts conveyed the property to one Willock, and he in turn, in 1937, to one Hixon, who, in 1938, conveyed it to one Becker; that Becker executed a mortgage on the property in the sum of $2,500 to the Knights Life Insurance Company of America, and then reconveyed to Hixon, who, in 1939, conveyed the property, under and subject to this mortgage, to one Pulice and wife, who are the present owners; that on the audit of the account of Margaret McRoberts, administratrix, on November 13, 1931, a claim of Margaret McRoberts for nursing services was allowed against the estate in the sum of $5,148; that the administratrix died in 1936, and no further account has been filed in the estate. The petition prayed for a citation directed to the representatives of the estate of Margaret McRoberts, to the mortgagee, and to the successive holders of the title to the real estate,

to show cause why the order of the court of January 16, 1932, confirming the sale by the administratrix to Entress, should not be vacated and the contract of sale rescinded. The court dismissed the petition.

The appeal is without merit. The most that can be claimed by appellant is that Margaret McRoberts, administratrix, sold the property to herself individually through an intermediate party. Such a sale would ordinarily be voidable, but in the present case the petition to set it aside was not filed until nearly nine years after the order of confirmation and delivery of the deed, and the title, in the meantime, has passed through a series of bona fide purchasers for value. Under such circumstances the original sale cannot be rescinded. As to the allegation that no consideration was received by the estate, it would seem that the administratrix, no other creditors objecting, treated the purchase money as though received in payment of her own claim, but, whatever may be said as to the informality of such procedure, it would not afford ground for divesting the title of the present owners.

Decree affirmed; costs to be paid by appellant.